```
                 IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                           WESTERN DIVISION
```

CHRISTIAN BICKHAM, # 28704-034                              PETITIONER

VS.                            CIVIL ACTION NO. 5:09-cv-75(DCB)(RHW)

BRUCE PEARSON, WARDEN                                       RESPONDENT


<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

This cause is before the Court on the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 12)**, and on the petitioner Christian Bickham ("Bickham" or "petitioner")'s objections thereto.  Having carefully considered the report and recommendations of the magistrate judge and the petitioner's objections, and being fully advised in the premises, the Court finds as follows:

In his 28 U.S.C. § 2241 petition, Bickham, who is incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi, challenges an Incident Report dated September 29, 2008, and an Amended Incident Report dated October 1, 2008, charging him with "Escape From Unescorted Community Program, Activity, Open Institution or From Outside Secure Institution Without Violence" in violation of Code 200, and related disciplinary proceedings subsequent to which he was found guilty of the offense.  The Discipline Hearing Officer ("DHO") found that Bickham had committed the offense as charged, and recommended: (1) a disciplinary transfer; (2) disallowance of 27 days Good Conduct Time ("GCT");

(3) 30 days of disciplinary segregation; and (4) loss of telephone, commissary and visiting privileges for one year.

The petitioner alleges that: (1) the decision by the DHO was arbitrary and capricious because it was based on erroneous evidence; (2) the DHO failed to consider conflicting evidence; and (3) the written findings and evidence do not support the DHO's ruling.  Bickham requests that the Incident Report be expunged and the 27 days of GCT be restored; or, that the case be remanded to the DHO for a new hearing.

In his Report and Recommendation, Magistrate Judge Parker finds that petitioner was provided a copy of the Incident Report more than 24 hours before the disciplinary proceeding, as required by Wolff v. McDonnell, 418 U.S. 539 (1974).  Furthermore, Bickham gave a statement in his defense, was advised of his rights to present evidence and testimony from witnesses, and to request help from a staff representative (which he declined).  The Incident Report contains a written statement of the evidence relied on and the reasons for the disciplinary action taken.  Therefore, the due process requirements set forth in Wolff have been satisfied.  The Report and Recommendation also finds that there is "some evidence" to show that Bickham committed the offense in question, as required by Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 455 (1985).

Magistrate Judge Parker finds that Lieutenant Rodgers' re-

writing of a portion of the Incident Report merely clarified that he observed petitioner walking from the trailer park area, which is off institutional grounds, through the woods, since the initial report simply stated that Lieutenant Rodgers observed petitioner "walk out of the woods" without specifying that he was, in fact, off institutional grounds.  There is no evidence to support petitioner's allegation that Lieutenant Rodgers falsified his report.  Furthermore, the DHO made a credibility determination in favor of the officer's testimony, which this Court cannot override. See Hudson v. Johnson, 242 F.3d 534, 537 (5th Cir. 2001); Hill, 472 U.S. at 455-56.

Finally, Bickham claims he was entitled to have the DHO decision based upon the "greater weight of the evidence," rather than "some evidence," because there was conflicting evidence presented.  This standard is set forth in 28 C.F.R. § 541.17(f), which is applicable to the DHO but not to a reviewing court.  As previously found, the disciplinary actions against Bickham comported with the due process requirements.

The petitioner's objections to the Report and Recommendation do not add any arguments not previously raised, and are without merit.  The Report and Recommendation shall therefore be adopted in its entirety, and the petition dismissed with prejudice.  Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation of

United States Magistrate Judge Michael T. Parker **(docket entry 12)** is hereby adopted as the finding of this Court, and the petitioner's objections thereto are denied;

FURTHER ORDERED that the 28 U.S.C. § 2241 petition is dismissed.  A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure, dismissing this action with prejudice.

SO ORDERED, this the 7th day of February, 2012.

>     /s/ David Bramlette
>     UNITED STATES DISTRICT JUDGE